IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV160-MU-02
and
1:09CV161-MU-02[1]

| | |
|---|---|
| TERRY FOX,<br>    Plaintiff,<br><br>    v.<br><br>BUDDY HARWOOD, et al.,<br>    Defendants;<br><br>    AND<br><br>TERRY FOX,<br>    Plaintiff,<br><br>    v.<br><br>YANCEY CO. SHERIFF'S DEPT.,<br>  et al.,<br>    Defendants. | O R D E R |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's two Complaints brought under 42 U.S.C. §1983, both

---

[1] The Court carefully has reviewed Plaintiff's two Complaints and determined that their allegations are virtually identical -- both materially in their content and in their highly outlandish nature. Accordingly, in an effort to conserve its scarce resources, this Court will adjudicate both Complaints in this single Order. Nevertheless, Plaintiff is advised that this Order will constitute his second and third dismissals pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief. Critically, therefore, **any future prisoner, civil rights filings for which Plaintiff seeks permission to proceed in *forma pauperis* will be subject to the provisions set forth in 28 U.S.C. § 1915(g).**

filed April 22, 2009. For the reasons stated herein, Plaintiff's Complaints will be <u>dismissed</u> with prejudice.

Plaintiff clearly is no stranger to the litigation process, as he advises the Court that: (1) he previously has filed civil actions for "discriminate'ing [sic] libelous matter to newpape's [sic] or reporter, periodical, or publication, publisher, false and libelous, statement concerning any person or corporation"; (2) that he "filed several lawsuits for personal injury's [sic] and there [sic] denying [him] medical treatment for [his] leg, from were [sic] the law, police harassment, [and] police brutality; and that his previous law suits were filed in "94/97/98/2003-2000/2004/2005 (2006) 2008/2009. In addition, Plaintiff now has brought his current set of virtually identical allegations in two separate Complaints.

Notwithstanding any legal expertise he may have gleaned from the foregoing experiences, however, Plaintiff's Complaints consist of multiple pages of essentially undecipherable and/or nonsensical statements. Most significantly, though, even if Plaintiff had sufficiently set forth allegations which could state constitutional claims for relief in either of his Complaints -- which fact this Court does not find, his Complaints still would have to be dismissed for two reasons.

First, between his two Complaints, Plaintiff has named a fellow inmate from the Madison County Jail, and he has named the Avery-Mitchell Correctional Institution, the "Spindale Prison

Honor Grade Camp," and the Craggy Correctional Institution among his list of defendants to these actions. As to the prisons, however, the law is clear that neither the State D.O.C. nor any of its facilities are "persons" for purposes of this action. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Furthermore, Plaintiff's fellow inmate is not a state actor for purposes of § 1983 liability. See generally West v. Atkins, 487 U.S. 42, 49 (1988). Therefore, Plaintiff cannot state a claim for relief against any of those defendants as they are not proper parties for this action.

Additionally, Plaintiff's naming of unidentified "staff" and "jailers" at the Madison and Yancey County Jails is insufficient to state a claim for relief against a specific party. The Court recognizes that if Plaintiff's Complaints sufficiently had stated constitutional claims, it would have been appropriate for the Court to have allowed him to amend such Complaints in order to properly identify the defendants; however, that simply is not required in this case. To put it plainly, Plaintiff's bizarre, conclusory allegations fall far short of stating cognizable claims for relief. In fact, notwithstanding his failure precisely to identify the proposed defendants, Plaintiff's Complaints also do not bother specifically to direct a single one of his bare-bones allegations at any of the defendants. Therefore, under these circumstances there is no need to allow Plaintiff to amend his Complaint in order to properly identify the potential

defendants. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (in determining whether complaint is factually frivolous, a district court is "permitted to apply common sense and reject the fantastic); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that to survive review for factual frivolousness, a plaintiff proceeding in forma pauperis cannot rely merely on "conclusory allegations."); and Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (noting plaintiff "must present more than naked allegations" to survive dismissal).

Second, aside from the nature of his allegations, the bulk of Plaintiff's nonsensical prayers for relief seek outcomes which go far beyond this Court's authority. That is, Plaintiff's Complaints ask the Court to "get [him] out of prison, drop all charges in Madison Yancey and Buncombe and Iredale [sic] . . . "; to "clear [his] criminal and driven [sic] record"; to provide him with "document'ed [sic] papers draft'ed [sic] up to were [sic] the police can not bother [him] (or) harass [him] (or) charge [him] for hearsay, (or) even come around [him], and not assault him." It goes without saying, however, that this Court does not have the authority to grant the foregoing requests.

Finally, to the extent that Plaintiff's request that someone "pay [him]" is based upon his contention that he was "wrongfully charge[d] . . . ," such request for monetary damages also is not cognizable in this civil rights action. Moreover, to the extent that Plaintiff's requests for damages for "cruel and unusual

punishment inflicted on [him] . . . [and] for all pain and suffering and damage done to [him]," are linked to the aforementioned conclusory allegations, such requests also are unavailing.

In sum, it is clear that Plaintiff's Complaints must be dismissed because they fall far short of setting forth any allegations upon which relief can be granted.

**NOW, THEREFORE, IT IS ORDERED** that the Complaints filed in cases 1:09CV160-MU-02 **and** 1:09CV161-MU-2 are **DISMISSED with prejudice** for Plaintiff's failure to state a constitutional claim for relief in either of them. See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: April 24, 2009

*[signature]*

Graham C. Mullen
United States District Judge